JEREMIAH D. GRAHAM (SBN 313206)
jd@jdgrahamlegal.com
**|JD| GRAHAM LEGAL**
10089 Willow Creek Road, Suite 200
San Diego, CA 92131
Telephone: (619) 633-5110

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERA SANDWELL, an indivdual, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF SAN MARCOS, and DOES 1-25, inclusive, <br><br> Defendants. | Case Number: **'25 CV0220 CAB DDL** <br><br> VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF <br><br> [Jury Trial Demanded] |

First Amended Complaint                                     Case No.

**INTRODUCTION**

1.    For decades, Plaintiff Shera Sandwell has welcomed families, children, and community members onto her farm, allowing them to plant vegetables, care for animals, create art, and otherwise enjoy the blessings of a rural experience. These activities—small-scale, and educational—have been a modest but meaningful example of people peaceably assembling for communal and expressive purposes.

2.    Despite the clear constitutional protection for peaceful assembly, the City of San Marcos has insisted that Ms. Sandwell must obtain a Conditional Use Permit ("CUP") before families can gather on her own land. This CUP requirement, set forth in San Marcos Municipal Code §§ 20.210.040, 20.520.020–.040, invests City officials with unfettered discretion to grant or deny permission for these modest activities. Such a scheme acts as a prior restraint on Plaintiff's First Amendment rights and offers no narrowly tailored standards.

3.    The City of San Marcos' permitting scheme is a prior restraint bearing "unbridled discretion."

4.    Ms. Sandwell attempted in good faith to comply with the CUP process, spending tens of thousands of dollars on engineers, consultants, and attorneys, only to find that no timely or definitive decision was ever provided. Lacking the resources to continue this expensive venture, Ms. Sandwell has effectively been deprived of her constitutional right to invite local families to her farm for assembly.

5.    She brings this action under 42 U.S.C. § 1983, alleging that the City's permit scheme, both on its face and as applied, violates the First Amendment's guarantee of free assembly.

**PARTIES**

6.    Plaintiff, Shera Sandwell ("Plaintiff" or "Ms. Sandwell"), is an individual residing in San Marcos, California. She owns real property commonly known as 390 &

1

First Amended Complaint                                    Case No.

424 Cox Road, identified as San Diego County Assessor's Parcel Nos. 182-010-13-00 and 181-101-14-00. This property is zoned A-1 Agricultural.

7.    Defendant, City of San Marcos ("City" or "San Marcos"), is a municipal corporation and political subdivision of the State of California. At all relevant times, the City acted under color of state law to regulate the use of property within its boundaries, including Ms. Sandwell's farm.

8.    Plaintiffs do not know the true names and capacities of Defendants sued herein as DOES 1 through 25, and for that reason have sued them by their fictitious names. On information and belief, Plaintiffs allege that each of these fictitiously named Defendants are responsible in some manner for some or all the acts alleged herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of fictitiously named Defendants once ascertained.

9.    Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued here, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, indemnitors, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment, license, guaranty, indemnity, invitation, assignment, and/or relationship and with the full knowledge, consent and approval of the remaining Defendants.

**JURISDICTION AND VENUE**

10.    The United States District Court for the Southern District of California has jurisdiction over this matter and authority to grant the requested relief pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs allege ongoing violations by Defendants of the rights secured to Plaintiffs by the First and Fourteenth Amendments of the United States Constitution. Plaintiffs seeks damages and injunctive and declaratory relief pursuant to 42 U.S.C. § 1983.

2

First Amended Complaint                                             Case No.

11.   Venue is proper in the Southern District under 28 U.S.C. § 1391(b) because all Defendants reside in the district, and the events or omissions giving rise to Plaintiff's claims occurred in this District.

**GENERAL ALLEGATIONS**

12.   "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law." *Adams v. Deloria*, 443 F. Supp. 3d 1093, 1100 (N.D. Cal. 2020). Section 1983 actions may be brought against a city, such as San Marcos, for the actions of its agents. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020).

**A. Longstanding Community Gatherings at the Farm**

13.   For decades, Ms. Sandwell's property—often referred to as "Bheau View Ranch"—served as a small haven for local families. These gatherings were featured children and adults engaging in gardening, animal care, art, writing, and other creative endeavors.

14.   Over the years, the ranch was recognized by local officials for its contributions. Former County Supervisor Bill Horn sent letters of gratitude, commending these low-key educational and recreational activities.

15.   On or about October 1, 2024, Ms. Sandwell emailed the City's Planning Division Director, inquiring if she could continue these gatherings with minimal daily attendance, limited hours, and no commercial events such as weddings. She received a response on October 2, 2024, stating that these activities constitute a "place of assembly" under the A-1 Agricultural zoning, triggering the requirement of a Conditional Use Permit ("CUP"). A true and correct copy of that email exchange is attached hereto as "Exhibit A."

3

First Amended Complaint                                          Case No.

**B. The City's CUP Requirement and Unfettered Discretion**

16.  San Marcos Municipal Code §§ 20.210.040, 20.520.020–.040 is the City's legal basis for requiring a CUP before Ms. Sandwell could allow families to gather on her farm.

17.  Under those provisions, a CUP must be obtained for "public assembly" uses within the Agricultural zone. Applicants must submit detailed plans, pay fees, comply with multi-step hearings, and satisfy broad "compatibility" and "neighborhood impact" criteria—factors that grant City officials wide discretion. See *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51 (1969) (striking down permit scheme where government actors had unbridled discretion).

18.  The municipal code contains no clear or narrowly tailored standards to guide officials in granting or denying CUPs for farm-based gatherings like Ms. Sandwell's. As a result, the City can arbitrarily block or condition Ms. Sandwell's ability to host even the smallest groups of children and families.

**C. Attempted Compliance and Financial Strain**

19.  From 2017-2022, the city engaged in extensive administrative enforcement against Ms. Sandwell, including filing a lawsuit on December 10, 2019. The City's claims were settled in June 2022. But the effect of that lawsuit was that Ms. Sandwell had to shut down. During the beginning of that enforcement period, in 2017-2019, Ms. Sandwell expended tens of thousands of dollars on engineers, attorneys, and consultants to pursue a CUP. Despite these efforts, Ms. Sandwell never received a final decision from the City—no CUP was issued, no conditions were stated that she could feasibly meet, and her funds were depleted.

20.  This expense, combined with the absence of any clear path to approval, effectively prohibits Ms. Sandwell from exercising her First Amendment right to host peaceful assemblies on her own land.

First Amended Complaint                                    Case No.

21. The City's broad discretion has created a chilling effect on Ms. Sandwell's ability to invite small groups to the farm, forcing her to deny the public the benefits of this communal gathering space.

**D. Constitutional Concerns and Prior Restraint**

22. The First Amendment to the United States Constitution "prohibits the enactment of laws abridging the freedom of speech … or the right of the people peaceably to assemble." Because Ms. Sandwell's farm gatherings are expressive, associational activities, the City's requirement that she first secure a CUP—whose grant or denial is left to open-ended criteria—amounts to a prior restraint on speech and assembly. *See Freedman v. Maryland*, 380 U.S. 51, 56 (1965).

23. The Supreme Court has repeatedly emphasized that prior restraints bearing "unbridled discretion" are presumptively invalid. *See Shuttlesworth*, 394 U.S. at 150–51.

24. Thus, the City's enforcement of these code provisions violate clearly established law.

**FIRST CLAIM FOR RELIEF**

**Deprivation of First and Fourteenth Amendment Right of Assembly**

**(42 U.S.C. § 1983)**

(Against all Defendants)

25. Plaintiff realleges and incorporates by reference every allegation in the preceding paragraphs as though fully set forth herein.

26. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under color of state law." *Adams v. Deloria*, 443 F. Supp. 3d 1093, 1100 (N.D. Cal. 2020).

5

First Amended Complaint                    Case No.

27. Here, Defendants have deprived Plaintiff of her constitutional right to peaceable assembly by insisting that Ms. Sandwell obtain a CUP before allowing families to engage in small-scale gatherings on her farm.

28. The City's CUP regime, as described in San Marcos Municipal Code §§ 20.210.040, 20.520.020–.040, grants local officials wide-ranging discretion to approve or deny a requested permit, imposing vague conditions and burdensome requirements without narrowly drawn, objective standards. *Cf. Freedman v. Maryland*, 380 U.S. at 56 (holding that prior restraints must contain specific procedural safeguards to avoid unconstitutional censorship).

29. Plaintiff has spent considerable sums to comply and yet has received no decision or workable directive from the City, thereby chilling her right to gather and associate with her neighbors for educational and expressive activities.

30. By promulgating and enforcing these code provisions under color of state law, Defendants have abridged Plaintiff's First Amendment rights in violation of 42 U.S.C. § 1983.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages, including lost opportunities to share her farm with the community, denial of her constitutional rights, and financial losses from legal and professional fees incurred in pursuit of the CUP.

32. Plaintiff is entitled to damages, declaratory relief, and injunctive relief restraining Defendants from enforcing this unconstitutional scheme. She also seeks attorneys' fees and costs under 42 U.S.C. § 1988.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that judgment be entered against Defendants as follows:

a) For a declaration that the City's requirements for a Conditional Use Permit under San Marcos Municipal Code §§ 20.210.040, 20.520.020–.040 violate the First

6

First Amended Complaint                                    Case No.

Amendment, both facially and as applied to Plaintiff's peaceful assemblies on her farm.

b) For a permanent injunction prohibiting Defendants from requiring Plaintiff to seek a CUP in a manner that vests unfettered discretion in City officials and fails to provide narrowly drawn, objective standards when assessing Ms. Sandwell's nonprofit gatherings.

c) For an order enjoining Defendants from imposing burdensome or arbitrary conditions on Plaintiff's nonprofit gatherings that effectively deny or chill her right to peaceable assembly.

d) For damages in an amount according to proof,

e) For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or any other applicable law, to compensate Plaintiff for enforcing her constitutional rights.

f) For such other relief as the Court deems just and proper.

Date: January 29, 2025                    **|JD| GRAHAM LEGAL**

By:/s/ Jeremiah D. Graham
Jeremiah D. Graham
|JD| GRAHAM LEGAL
10089 Willow Creek Road, Suite 200
San Diego, CA 92131
Telephone: (619) 633-5110
*Counsel for Plaintiffs*

7

First Amended Complaint                                        Case No. .

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all claims in this action of all issues so triable.

Date: January 29, 2025                    **|JD| GRAHAM LEGAL**

By:/s/ Jeremiah D. Graham

8

First Amended Complaint                                        Case No.

**VERIFICATION**

I, Shera Sandwell, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Date: January 29, 2025

<br>

*Shera Sandwell*
ID rY5GZEekURyPmnaCwQ5QE9Vc

_____

Shera Sandwell

9

First Amended Complaint                                        Case No.

JD

## eSignature Details

**Signer ID:**      **rY5GZEekURyPmnaCwQ5QE9Vc**
Signed by:      Shera Sandwell
Sent to email:      bheauviewranch@aol.com
IP Address:      97.144.107.222
Signed at:      Jan 29 2025, 3:26 pm PST